**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **CALEB HARVARD,** | **JURY TRIAL DEMANDED** |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE NO.** |
| **SIG SAUER, INC.,** | |
| **Defendant.** | |

**COMPLAINT FOR DAMAGES**

COMES NOW Caleb Harvard ("Plaintiff"), by and through his undersigned counsel, and herein files this Complaint against Defendant Sig Sauer, Inc. ("Sig Sauer" or "Defendant"), and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

Plaintiff Caleb Harvard is a citizen and resident of the State of Georgia.

2.

Defendant Sig Sauer, Inc. is a foreign corporation organized under the laws of the State of New Hampshire withs its principal place of business in New Hampshire, engaged in the business of designing, manufacturing, marketing, distributing and selling firearms, including the Sig Sauer P365 pistol, throughout the United States, including the State of Georgia. Defendant may be served with Summons and

Complaint upon its registered agent, Cogency Global, Inc., located at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Fulton County, Georgia 30076, or as otherwise allowed by law.

3.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.

This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in Georgia, markets and sells its products in Georgia, and the acts and omissions giving rise to this action occurred in Georgia involving a product sold and used in Georgia.

5.

Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant is subject to personal jurisdiction in this District.

**FACTS**

6.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

7.

On or about November 18, 2023, Plaintiff purchased a Sig Sauer P365X pistol ("P365").

8.

The P365 was designed, manufactured, assembled, tested, marketed, distributed and sold by Defendant.

9.

The P365 purchased by Plaintiff was not equipped with a manual safety.

10.

On December 18, 2023, Plaintiff was at the Rock Bottom Hunting Club in Roberta, Georgia.

11.

Plaintiff's P365 was fully seated and properly secured in his holster, which was attached to Plaintiff's belt on his waistband.

12.

His holster was designed, manufactured, and sold to Plaintiff by MTB.

13.

The Plaintiff proceeded to remove the holster, with the P365 inside it, from his waistband.

3

14.

Plaintiff used his left hand to relieve tension from the holster clip.

15.

Plaintiff held the holster with his right hand, with his hand positioned over the

muzzle end of the holster.

16.

After the holster was removed from Plaintiff's waistband and while Plaintiff

was holding it, the P365 suddenly and unexpectedly discharged without the Plaintiff

touching the trigger or taking any action to cause the P365 to discharge.

17.

The discharge occurred while the P365 remained fully seated inside the

holster.

18.

The bullet struck Plaintiff's right index finger near the middle joint, causing

severe and permanent injury.

19.

The shell casing did not eject from the P365, remaining in the chamber after

discharge.

20.

Plaintiff sought immediate medical treatment for his injuries.

## SIG SAUER P365 DEFECTS

21.

The Sig Sauer P365 is a striker-fired pistol that is designed, manufactured, and sold by Defendant Sig Sauer, Inc.

22.

Defendant Sig Sauer, Inc. advertised the P365 firearm as a striker-fired pistol that was equipped with the necessary features to prevent unintentional discharges.

23.

Prior to Plaintiff's injury, Defendant had knowledge of the defective components associated with the other similar incidents of the P365 firearm unintentionally firing.

24.

Prior to December 18, 2023, Defendant had knowledge of reported incidents of a P365 unintentionally discharging.

25.

To date, Defendant has never issued a mandatory recall of the P365 for repairs to address the issues concerning unintentional discharges, including those occurring while holstering and un-holstering the weapon.

26.

As a direct and proximate result of this incident, Plaintiff suffered serious physical, mental, and emotional injuries, and he has experienced, and will continue to experience, physical pain and suffering, mental and emotional distress, and diminished capacity to labor. Plaintiff has incurred medical expenses and lost wages.

## COUNT I – STRICT PRODUCT LIABILITY (DESIGN DEFECT)

27.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

28.

Sig Sauer is strictly liable for failing to design the P365 so that it was reasonably safe for the purposes for which it was intended and for other uses which were foreseeably probable.

29.

Sig Sauer is strictly liable to Plaintiff because they defectively designed the P365 in the following ways:

a.    Designing and manufacturing the P365 so that it could fire without the trigger being pulled.

b.    Designing and manufacturing the P365 so that it was capable of being fired while holstered, even when the user's finger was outside the

trigger guard and off the trigger.

c.      Designing and manufacturing the P365 without any external safety.

30.

The risks inherent in the P365's design outweighed the benefit derived from the product.

31.

The subject P365, was designed, manufactured, and sold by Defendant, and it was defective at the time it was sold by Defendant, or at the time it left its control.

32.

The P365 was expected to and did reach Plaintiff without substantial or unanticipated change in the condition in which it was sold.

33.

The P365 was not reasonably suited for its intended use in that the weapon fired without Plaintiff pulling the trigger; it was capable of firing while holstered, even if the user's finger was outside the trigger guard and off the trigger; and it lacked adequate warnings and instructions regarding its use to protect individuals who would be reasonably expected to use it.

34.

As a direct and proximate result of defects in the design and manufacture of the P365, and the defects in its warnings and instructions, Plaintiff suffered serious

physical, mental, and emotional injuries, and he has experienced, and will continue

to experience, physical pain and suffering, and mental and emotional distress, and

diminished capacity to labor. Plaintiff has incurred medical expenses and has

incurred lost wages. As a result, Plaintiff is entitled to an award of general and special

damages against Defendant in an amount to be proven at trial and to be determined

by a jury of Plaintiff's peers.

## COUNT II – STRICT PRODUCT LIABILITY (FAILURE TO WARN)

### 35.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as

if they were fully restated verbatim herein.

### 36.

Defendants can be strictly liable for their failure to warn of nonobvious

foreseeable dangers from the normal use of its P365.

### 37.

Defendants are strictly liable to Plaintiff for failing to adequately

communicate to him the following warnings and potential risks of the P365:

a.    The P365 could fire without the trigger being pulled.

b.    The P365 was capable firing while holstered, even when the user's

    finger was outside the trigger guard and off the trigger.

38.

As a direct and proximate result of Sig Sauer's failure to warn, Plaintiff suffered serious physical, mental, and emotional injuries, and he has experienced, and will continue to experience, physical pain and suffering, and mental and emotional distress, and diminished capacity to labor. Plaintiff has incurred medical expenses and has incurred lost wages. As a result, Plaintiff is entitled to an award of general and special damages against Defendant in an amount to be proven at trial and to be determined by a jury of Plaintiff's peers.

## COUNT III – NEGLIGENCE

39.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

40.

Defendant was negligent in designing, manufacturing, and providing labels, warnings, and instructions with the P365.

41.

Defendant, as a product designer and manufacturer, owed a duty to the public, including Plaintiff, to exercise reasonable care to design and manufacture a product so as to make it free of unreasonable risk of harm to people in foreseeable situations.

42.

Defendant failed to exercise ordinary care in designing, manufacturing, and providing labels, warnings, and instructions with the gun, in that, among other things:

a.   It defectively manufactured and designed the P365 so that it could fire without the trigger being pulled.

b.   It defectively manufactured and designed the P365 because it was capable of being fired while holstered, even if the user's finger was outside the trigger guard and off the trigger.

c.   It failed to provide adequate warnings of the risks and dangers associated with these defects in the manufacture and design of the firearm, and failed to include adequate instructions for users, despite Defendant's actual and constructive knowledge of the defects.

43.

Defendant breached its duty to exercise reasonable care to design and manufacture the P365 firearm by failing to make it free of unreasonable risks of harm to people in such foreseeable situations.

44.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious physical, mental, and emotional injuries, and he has experienced, and will

continue to experience, physical pain and suffering, and mental and emotional distress, and diminished capacity to labor. Plaintiff has incurred medical expenses and has incurred lost wages. As a result, Plaintiff is entitled to an award of general and special damages against Defendant in an amount to be proven at trial and to be determined by a jury of Plaintiff's peers.

## COUNT III – CLAIM FOR PUNITIVE DAMAGES

### 45.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

### 46.

Sig Sauer acted with conscious indifference to the safety and well-being of the public, including Plaintiff, by designing, manufacturing, labeling, marketing, distributing, and selling the P365 with knowledge that the firearm could unintentionally discharge and seriously injure or kill people.

### 47.

Even though it knew of the safety risks and defects that could cause serious injury and death, Defendant continued to design, manufacture, market, distribute and/or sell the P365, and failed to provide adequate warnings and instructions to users of the defects associated with the product.

48.

Defendant's misconduct was reckless and constitutes willful and intentional misconduct and evidences an entire want of care for the safety of the public that would raise the presumption of its conscious indifference to the consequences.

49.

As a result, Plaintiff is entitled to an award of punitive damages against Defendant in an amount sufficient to punish and deter it.

## COUNT IV – ATTORNEY'S FEES AND EXPENSES OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11

50.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

51.

Defendant's acts and omissions in designing, manufacturing, and selling the P365 that caused Plaintiff's injuries, in failing to eliminate the P365's defective design despite their knowledge of those defects from prior incidents and complaints, and in failing to warn about the defective design of the P365, constitutes bad faith.

52.

As a result, Plaintiff is entitled to an award of attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays and demands as follows:

a.      That Process and Summons issue, as provided by law, requiring Defendant to appear and answer Plaintiff's Complaint;

b.      That service be had upon Defendant as provided by law;

c.      That the Court award and enter a judgment in favor of Plaintiff and against Defendant for special and general damages in an amount to be proven at trial;

d.      That the Court award and enter a judgment in favor of Plaintiff and against Defendant for punitive damages;

e.      That the Court award and enter a judgment in favor of Plaintiff and against Defendant for attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11;

f.      That Plaintiff has a trial by a jury as to all issues; and,

g.      That Plaintiff has such other and further relief as the Court may deem just and proper.

*[Signature on next page]*

This 2nd day of December, 2025.

**THE CHAMPION FIRM,
PERSONAL INJURY
ATTORNEYS P.C.**

By:   */s/ Brendan Krasinski*
     DARL H. CHAMPION, JR.
     Georgia Bar No. 910007
     BRENDAN KRASINSKI
     Georgia Bar No. 159089
     *Attorneys for Plaintiff*

445 Franklin Gateway SE, Suite 100
Marietta, Georgia 30067
P: (404) 596-8044 | F: (404) 671-9347
champ@thechampionfirm.com
brendan@thechampionfirm.com